UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | | |
|---|---|---|
| PETER N. GEORGACARAKOS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6:16-105-DLB |
| | ) | |
| v. | ) | |
| | ) | |
| RAY ORMOND, *Warden*,[1] | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |
| | ) | |

**** **** **** ****

Peter N. Georgacarakos is an inmate confined by the BOP at the USP-McCreary. Georgacarakos has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his second degree federal murder conviction. [R. 1]. Georgacarakos has paid the $5.00 filing fee. [R. 3].

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court should deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241

---

[1] Georgacarakos has named the following Respondents: (1) the Warden of the United States Penitentiary ("USP")-McCreary in Pine Knot, Kentucky; (2) the Federal Bureau of Prisons ("BOP"); and (3) the United States Attorney General. The only proper respondent to a petition for a writ of habeas corpus is the individual having immediate custody of the person detained, typically the warden of the facility where the petitioner is confined. *See* 28 U.S.C. § 2243; *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Court takes judicial notice of the fact that Ray Ormond is currently the Warden of USP-McCreary. Because Ray Ormond is Georgacarakos's current custodian, the Court will instruct the Clerk to terminate the BOP and the United States Attorney General as Respondents on the CM/ECF cover sheet and to designate Ray Ormond, Warden of USP-McCreary, as the sole Respondent to this proceeding.

petitions pursuant to Rule 1(b)).  Because Georgacarakos is not represented by an attorney, the Court evaluates his petition under a more lenient standard.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007)  At this stage of the proceeding, the Court accepts Georgacarakos's factual allegations as true and liberally construes his legal claims in his favor.  However, for the reasons set forth below, the Court determines that Georgacarakos is not entitled to the relief which he seeks, and therefore, his § 2241 habeas petition must be denied.

**I.**

In November 1996, Georgacarakos and Marek Kowaalski were inmates at USP-Lewisburg in Lewisburg, Pennsylvania, where they stabbed fellow inmate Randall Anderson to death.  On February 13, 2002, Georgacarakos and Kowaalski were indicted for first degree murder.  *United States v. Peter N. Georgacarakos*, 4:02-CR-34-JFM (M.D. Pa. 2002).  On June 13, 2003, Kowaalski entered a plea of guilty to voluntary manslaughter and testified against Georgacarakos at his jury trial, which began in January 2004.  In February 2004, the jury found Georgacarakos guilty of murder in the second degree.  He was later sentenced to life in prison.

Georgacarakos appealed his conviction and sentence to the Third Circuit, which affirmed Georgacarakos's murder conviction, but remanded the case for resentencing pursuant to *United States v. Booker*, 543 U.S. 220 (2005).  The Third Circuit also instructed the district court to address Georgacarakos's argument that he should not have been sentenced as a career offender pursuant to U.S.S.G. § 4A1.3.  *United States*

*v. Georgacarakos*, 138 F. App'x 407, 410-11 (3d Cir. 2005). On March 8, 2006, the district court reduced Georgacarakos's sentence from life imprisonment to 360 months, a sentence at the very minimum of the guideline range, after considering the noted disparity between his sentence and that of Kowaalski's prison term. [*Id.*, R. 528, therein]. Georgacarakos appealed and challenged various rulings which led to his reduced sentence, but because he did not specifically challenge the reasonableness of it, the Third Circuit affirmed Georgacarakos's 360-month sentence. *United States v. Georgacarakos*, 229 F. App'x 189 (3rd Cir. 2007).[2]

In July 2007, Georgacarakos filed a motion to vacate his sentence under 28 U.S.C. § 2255. [*Id.*, R. 543, therein]. Georgacarakos asserted the five following grounds for relief: (1) the government presented perjured testimony from four witnesses; (2) the government committed *Brady* violations by failing to disclose certain evidence; (3) the government engaged in selective prosecution; (4) the jury should have been re-polled; and (5) one of his prior felony drug convictions (used to enhance his sentence) was unconstitutional. On January 23, 2008, the district court entered an Order in which it carefully analyzed all of Georgacarakos's arguments, determined that none of them had merit, and denied the § 2255 motion. [Georgacarakos Criminal Action, R. 563, therein]. Georgacarakos appealed, but the Third Circuit denied him a certificate of appealability. [*Id.*, R. 592, therein; *United States v. Peter N. Georgacarakos*, No. 08-1457 (3rd Cir. Jul. 7, 2008)].

On August 16, 2010, Georgacarakos filed a "Motion to Vacate Judgment under Rule 60(b) or Independent Action under 28 U.S.C. § 1651," asserting therein that the

---

[2] According to the BOP's website, Georgacarakos's projected release date is October 28, 2037. https://www.bop.gov/inmateloc/ (last visited on July 1, 2016).

district court should set aside its Order denying his §2255 motion. [*Id.*, R. 596, therein]. Georgacarakos argued, among other things, that a sentence imposed for second degree murder--upon an indictment for first degree murder--after the statute of limitations for second degree murder has expired is a sentence not authorized by law.

On October 28, 2010, the district court denied Georgacarakos's Rule 60(b) motion, explaining that: (1) the statute of limitations argument could not be raised in an unauthorized second or successive § 2255 motion; (2) the argument should have been raised on direct appeal, (3) Georgacarakos's request for relief under Rule 60(b) was untimely, by two years; and (4) even if Georgacarakos's Rule 60(b) motion had been timely, the grounds asserted were baseless. [*Id.*, pp. 4-7, therein]. Citing *United States v. Williams*, 694 F.2d 296, 299 (4th Cir. 1982), the district court determined that Georgacarakos had waived his statute of limitations argument by requesting the lesser charge of second degree murder after being indicted on the charge of first degree murder.[3] Georgacarakos appealed, but was denied relief. [*Id.*, R. 600, therein].

In August 2011, Georgacarakos filed a 28 U.S.C. § 2241 petition for writ of habeas corpus in Denver, Colorado, alleging that his conviction and resulting sentence

---

[3] The district court stated:

> In the instant case, both Georgacarakos and the government sought a charge that described the lesser included offense of second degree murder…. Like Williams, Georgacarakos requested the charge and, if he had not received it, he would have risked receiving a verdict of guilty on a capital offense. Also like Williams, Georgacarakos did not object when this court granted that request and he benefitted, somewhat perversely, from receiving the charge when he was convicted for second degree murder. As such, we agree with the Fourth Circuit and conclude that Georgacarakos "cannot now complain of the result" reached and that Georgacarakos' actions "constitute a waiver of the time limitation contained in § 3282." *Williams*, 684 F.2d at 299-300.

[*Id.*, at p. 9, therein].

were invalid because the statute of limitations for second degree murder had expired before he was indicted in the federal criminal case in Pennsylvania. *Peter Georgacarakos v. Charles Daniels*, No. 11-CV-2263-BNB (D. Colo. 2011) [R. 1, therein] ("the Colorado § 2241 Petition"). The Magistrate Judge issued an order requiring Georgacarakos to show cause why his § 2241 petition should not be dismissed. [R. 2, therein]. In response, Georgacarakos argued that he was challenging the execution of his sentence because the fact that the statute of limitations for second degree murder expired before he was indicted meant that the BOP lacked authority to hold him in custody. [*Id.*, R. 3, therein] The district court rejected that argument and dismissed the Colorado § 2241 Petition, explaining that because Georgacarakos's statute of limitations argument challenged the validity of his conviction and sentence, Georgacarakos should have raised that claim in the sentencing court under 28 U.S.C. § 2255, unless his remedy under § 2255 was inadequate or ineffective. [R. 4, therein; reported at *Georgacarakos v. Daniels*, 2011 WL 4899013, at *2 (D. Colo. Oct. 13, 2011)].

The Colorado district court further observed that Georgacarakos had previously raised the statute of limitations argument in the Pennsylvania sentencing court, and that the Pennsylvania sentencing court had concluded that Georgacarakos could and should have raised that argument on direct appeal; that the argument could not be raised in a second or successive § 2255 motion; and that the argument was substantively deficient because Georgacarakos had *requested* the lesser charge of second degree murder after being indicted on the charge of first degree murder. [*Id.*]. As the Colorado district

court stated, "… it is not clear what Mr. Georgacarakos means when he asserts that the sentencing court refuses to acknowledge the jurisdictional limitation. In any event, the fact that Mr. Georgacarakos has been denied relief in the sentencing court does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective…." [*Id.*]. Georgacarakos appealed, but the denial of the Colorado § 2241 Petition was affirmed. [*Id.*, R. 22, therein; *see Peter Georgacarakos v. Daniels*, No. 11-1496 (10th Cir. Feb. 27, 2012)].

## II.

In his current § 2241 petition, Georgacarakos again argues that the statute of limitations for second degree murder expired before he was indicted in federal court in Pennsylvania; that the Pennsylvania sentencing court lacked subject matter jurisdiction over his criminal proceeding; and that accordingly, his second degree murder conviction and sentence are invalid. Based on these assertions, Georgacarakos maintains that the BOP lacks authority to hold him, and that he should be immediately released from federal custody. [R. 1, pp. 7-8]. Georgacarakos contends that he has been denied due process in violation of his rights guaranteed by the Fifth Amendment of the U.S. Constitution.

## III.

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, while a § 2241 petition is the means for challenging the execution of a sentence (*i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458,

461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The Sixth Circuit explains the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted). In short, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). Here, Georgacarakos does not challenge the manner in which the BOP is calculating or executing his sentence; instead, he collaterally challenges the validity his underlying second degree murder conviction, just as he did in his unsuccessful Rule 60(b) motion which he filed in his § 2255 proceeding, and in the Colorado § 2241 Petition.

The "savings clause" of § 2255(e) provides a narrow exception to this general rule, allowing a prisoner to challenge the legality of his conviction through a § 2241 petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e); *see Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012); *Charles*, 180 F.3d at 756. The remedy under § 2255 is not deemed inadequate or ineffective where a petitioner either failed to assert a legal argument in a § 2255 motion, or where he asserted a claim, but was denied relief on it. *Id.* at 756-58; *Rumler v. Hemingway*, 43 F App'x 946, 947 (6th Cir. 2002). It is the petitioner's burden to

7

establish that his remedy under § 2255 is inadequate or ineffective. *Charles*, 180 F.3d at 756.

Here, Georgacarakos attempts to challenge his conviction and sentence under § 2241 via the "savings clause" of § 2255(e). However, he fails to establish that his remedy under § 2255 was inadequate or ineffective. He simply re-hashes the statute of limitations argument that has been repeatedly rejected by other courts. As *Charles* dictates, Georgacarakos cannot use § 2241 to recycle unsuccessful claims advanced in a § 2255 proceeding because § 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758-60; *Lucas v. Berkebile*, No. 7:11-CV-28-HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012) ("Section 2241 is not available to a petitioner who merely wishes to reargue claims considered and rejected in a prior motion under Section 2255.").

Alternatively, a prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). However, a petitioner may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). The Supreme Court has unequivocally stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001). Again, "[i]t is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

8

Georgacarakos cites no case decided by the Supreme Court which applies retroactively to him and which affords him relief from his conviction and sentence.

In short, Georgacarakos has not demonstrated that his remedy under § 2255 was inadequate or ineffective, or that he is actually innocent of second degree murder. Because Georgacarakos is not entitled to relief from his second degree murder conviction under § 2241, his habeas petition will be denied and this proceeding will be dismissed.

**IV.**

Accordingly, it is hereby **ORDERED** as follows:

1. The Clerk of the Court shall **TERMINATE** the BOP and the United States Attorney General as respondents on the CM/ECF cover sheet, and shall **DESIGNATE** Ray Ormond, Warden of USP-McCreary, as the sole Respondent to this proceeding on the CM/ECF cover sheet.

2. Petitioner Peter N. Georgacarakos's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**.

3. The Court will enter an appropriate Judgment.

4. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's active docket.

This 12th day of July, 2016.



Signed By:
*David L. Bunning*  DB
United States District Judge

G:DATA/Opinions/London/16-105 MOO Dismissing 2241